UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERIC DIAZ MARTINEZ,<br><br>Defendant | Criminal No. 24cr10214<br><br>Violations:<br><br>Count One: Money Laundering Conspiracy<br>(18 U.S.C. § 1956(h))<br><br>Count Two: Possession with Intent to Distribute 400 Grams or More of Fentanyl, 100 Grams or More of p-Fluorofentanyl, and 500 Grams or More of Cocaine<br>(21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), and (b)(1)(B)(ii))<br><br>Money Laundering Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(1))<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853) |

INDICTMENT

COUNT ONE
Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

The Grand Jury charges:

From in or about April 2021 through in or about March 2022, in Plaistow, in the District of New Hampshire, Boston and Chelsea, in the District of Massachusetts, and elsewhere, the defendant,

ERIC DIAZ MARTINEZ,

conspired with others known and unknown to the Grand Jury to:

(a) conduct and attempt to conduct financial transactions, to wit, delivery, transfer, and deposit of bulk United States currency, knowing that the property involved in such

transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, possession with intent to distribute 400 grams or more of fentanyl, 100 grams or more of p-Fluorofentanyl, and 500 grams or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi), and (b)(1)(B)(ii), charged in Count Two, with the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

(b) conduct and attempt to conduct financial transactions, to wit, delivery, transfer, and deposit of bulk United States currency, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, possession with intent to distribute 400 grams or more of fentanyl, 100 grams or more of p-Fluorofentanyl, and 500 grams or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi), and (b)(1)(B)(ii), charged in Count Two, and knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

(c) conduct and attempt to conduct financial transactions, to wit, delivery, transfer, and deposit of bulk United States currency, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, possession with intent to distribute 400 grams or more of fentanyl, 100 grams or more of p-Fluorofentanyl, and 500 grams or more of cocaine, in violation of Title 21, United States Code, Sections

841(a)(1), (b)(1)(A)(vi), and (b)(1)(B)(ii), charged in Count Two, knowing that the transactions were designed in whole and in part to avoid a transaction reporting requirement under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii);

(d) knowingly engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000, that is, United States currency, where such property was derived from specified unlawful activity, that is, possession with intent to distribute 400 grams or more of fentanyl, 100 grams or more of p-Fluorofentanyl, and 500 grams or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi), and (b)(1)(B)(ii), charged in Count Two, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

<u>COUNT TWO</u>
Possession with Intent to Distribute 400 Grams or More of Fentanyl, 100 Grams
or More of p-Fluorofentanyl, and 500 Grams or More of Cocaine
(21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), and (b)(1)(B)(ii))

The Grand Jury further charges:

On or about March 18, 2022, in Chelsea, in the District of Massachusetts, and elsewhere, the defendant,

ERIC DIAZ MARTINEZ,

did knowingly and intentionally possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, 100 grams or more of a mixture and substance containing a detectable amount of p-Fluorofentanyl, a Schedule I controlled substance and an analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, and 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi), and (b)(1)(B)(ii).

## MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 1956(h), set forth in Count One, the defendant,

ERIC DIAZ MARTINEZ,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

1.  Upon conviction of the offense in violation of Title 21, United States Code, Section 841, set forth in Count Two, the defendant,

ERIC DIAZ MARTINEZ,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

2.  If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

*Carolyn McBall* (signature)
FOREPERSON

*Stephen W. H.* (signature)
STEPHEN W. HASSINK
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: July  23 , 2024
Returned into the District Court by the Grand Jurors and filed.

_____  07/23/2024
DEPUTY CLERK